## STATE OF VERMONT

## ENVIRONMENTAL COURT

In re: Appeal of John Mentes    }
                           }
                           }   Docket No. 132-6-00 Vtec
                           }
                           }

### Decision and Order on Cross-Motions for Summary Judgment

Appellant John Mentes appealed from the May 31, 2000 decision of the then-Zoning Board of Adjustment (ZBA) of the City of Burlington, affirming the Zoning Administrator's decision not to take enforcement action against Appellees Charles and Cynthia Burns under the 1999 Zoning Regulations. Appellant is represented by Norman Williams, Esq.; Appellees Charles and Cynthia Burns are represented by Stuart M. Bennett, Esq.; the City is represented by Kimberlee J. Sturtevant, Esq.

In October 2001 the Court ruled on summary judgment on some issues in the matter. In February 2002, after the parties had failed to agree on working definitions of the five illustrative terms in the " group quarters" definition, the Court directed that this matter be set for trial. However, the parties again requested to submit the remaining issues by summary judgment.

In the October 2001 order, the Court noted that the ordinance did not present a choice between either " a single nonprofit housekeeping unit" or " group quarters." Rather, to fall within the zoning use category of ' single detached dwelling,' the occupants of the house must satisfy both prongs of the definition of family. The October 2001 order found that the shared student housing at issue in the present case met the first prong of this test, in that the students were living as a single, nonprofit housekeeping unit, but found that material facts were disputed as to whether or not they also fell outside of the category of " group quarters."

The present motion asks the Court to determine whether the ' shared housing' use of the house falls within the category of " group quarters," that is, whether it is similar to or different from the " group quarters" examples of dormitories, sororities, fraternities, convents, or communes. The parties agreed as to definitions of the terms ' convent' and ' commune,' but did not in the end agree on definitions of dormitory, sorority or fraternity.

Because of that lack of agreement, the parties went off on a tangent aimed at further defining the terms ' dormitory,' ' sorority' and ' fraternity.' That focus was misplaced for two reasons. First and most importantly, ' group quarters' is defined by example only, not by an exclusive list. It is less important precisely to define these terms than it is to understand their common elements, and to determine whether the shared student housing use of Appellees' property shares those common elements. Second, Appellant' s April 1, 2002 filing is correct that the use of the terms in

the ordinance is a legal question, not a question of material fact suitable either for presentation by affidavit or by evidence.

The use categories of dormitories, sororities and fraternities are all provided for in some zoning districts within the City, notably those zoning districts associated with colleges and universities. Their common element is housing for students living as a group, that is, with shared dining, bathroom, and living room or common room facilities. They do not imply any philosophical commonality. The residents have the opportunity to share meals and household responsibilities.

The use categories of convent and commune do not imply that the residents are students, but do share the common element that the residents are living as a group, as opposed to renting single rooms in a motel or renting single dwelling units such as studio apartments. The residents share meals and household responsibilities.

Appellees argue that the shared student housing use of their property is distinct from these ' group quarters' uses, in that the residents are not members of a larger organization and are merely a group of friends who wanted to live together, at least while they were attending college.

We must conclude from the ordinary meaning of the terms used in the ordinance that the shared student housing use of Appellees' property is similar to the five listed ' group quarters' uses, especially that of commune, in that the students are living as a group and share household chores and responsibilities. Therefore it does fall within the ' group quarters' exclusion of the 1999 Ordinance, and is prohibited under the ordinance, even though the students are living in a house and as a single, nonprofit housing unit.

The parties did not in the end brief the question of whether the 1999 ordinance was unconstitutional due to the fact that this type of group quarters use (shared student housing) is not otherwise provided for anywhere in the City. Indeed, not only did Appellees argue that this shared student housing use did not fall within the category of ' group quarters,' but Appellees also argued that the ' group quarters' category was a constitutional category under equal protection analysis. In any event, the Court will not reach a constitutional argument unnecessary to the outcome of a particular case and not raised by the parties.

The present ruling, that the shared student housing use of Appellees' house is prohibited under the 1999 ordinance, concludes the above-captioned appeal. Any further challenge to that ordinance is not presented by the Statement of Questions for the present appeal.

Done at Barre, Vermont, this 10th day of May, 2002.

_____

Merideth Wright
Environmental Judge

Footnotes

[1]    The Zoning Regulations have since been amended with respect to their treatment of shared housing.

[2]    Commune: Any closely-knit community primarily organized to share a common philosophy; a relatively small, often rural community whose members share common interests, work, and income and often own property collectively.

Convent: a community of persons devoted to religious life and a common religious faith; a building or buildings occupied by such a society.